**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

----------------------------------------------------------X

GEORGE ALEXANDROU and KEVIN CAIN,

                           Plaintiffs,           Civil Action No.: 11-5240 (DRH-GRB)

       -against-

                                   **ELECTRONICALLY FILED**

SAMUEL FROMKIN,

                          Defendant.

----------------------------------------------------------X

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT**
**SAMUEL FROMKIN'S MOTION FOR SANCTIONS PURSUANT TO**
**RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

---

PILLSBURY WINTHROP SHAW PITTMAN LLP
1540 Broadway
New York, New York 10036
(212) 858-1000
Attorneys for Defendant
Samuel Fromkin

On the Brief:

Matthew D. Stockwell, Esq.

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ............................................................................... 1

    A.    Rule 11 Standard ................................................................................... 2

    B.    Plaintiffs' Frivolous Claims ................................................................. 3

    C.    Sanctions ............................................................................................... 6

CONCLUSION ..................................................................................................... 8

# TABLE OF AUTHORITIES

**Page**

Cases

*Bravo v. MERSCORP, Inc.*,
  2013 WL 1652325 at *6 (E.D.N.Y., April 6, 2013) ....................................... 5

*Eastway Construction Corp. v. City of New York*,
  762 F.2d 243 (2d Cir. 1985) ....................................................................... 3

*MacDraw, Inc. v. CIT Group Equip. Fin., Inc.*,
  73 F.3d 1253 (2d Cir. 1996) ....................................................................... 2

*Margo v. Weiss*,
  213 F.3d 55 (2d Cir. 2000) ......................................................................... 3

*Massengale v. Ray*,
  267 F.3d 1298 (11th Cir. 2001) .................................................................. 3

*McMahon v. Shearson/American Express, Inc.*,
  896 F.2d 17 (2d Cir. 1990) ......................................................................... 2

*Murphy v. Cuomo*,
  913 F. Supp. 671 (N.D.N.Y. 1996) ............................................................. 2

*O'Brien v. Alexander*,
  101 F.3d 1479 (2d Cir. 1996) ..................................................................... 2

*Skidmore Energy, Inc. v. KPMG*,
  455 F.3d 564 (5th Cir. 2006) ...................................................................... 2

*Smith v. Chase Manhattan Bank, USA, N.A.*,
  293 A.D.2d 598 (2d Dep't 2002) ................................................................ 5

*Sussman v. Salem, Saxon & Neilsen, P.A.*,
  150 F.R.D. 209 (M.D. Fla. 1993) ............................................................... 3

*Yonkers v. Otis Elevator Co.*,
  106 F.R.D. 524 (S.D.N.Y. 1985) ................................................................ 3

Rules and Regulations

Federal Rules of Civil Procedure
  Rule 11 ................................................................................................. passim
  Rule 11(b) ................................................................................................... 2
  Rule 11(c) ................................................................................................... 2

## PRELIMINARY STATEMENT

This motion is submitted in connection with defendant Samuel Fromkin's motion for summary judgment, which is being simultaneously filed with the Court.  For the sake of brevity, the Court is respectfully referred to the Local Civil Rule 56.1 Statement of Material Facts submitted in connection with that motion, and is attached to the instant motion for the Court's convenience.  *See* Declaration of Matthew D. Stockwell ("Stockwell Decl."), Exhibit "1."  In Fromkin's motion for summary judgment, Fromkin requested an award of attorneys' fees pursuant to the Court's inherent power.  In the instant motion, Fromkin similarly requests that the Court, pursuant to Rule 11 of the Federal Rules of Civil Procedure, sanction Plaintiffs for instituting and maintaining this litigation, and grant Fromkin his costs and attorneys' fees incurred in defending against Plaintiffs' frivolous claims.

As set forth in the Memorandum of Law submitted in support of Fromkin's motion for summary judgment, Plaintiffs' case is based upon their belief that Fromkin (i) obtained an interest in the Ship Litigation; (ii) provided counsel to Steven Ship with regard to the Ship Litigation; and/or (iii) provided financial backing to Steven Ship for the prosecution of the Ship Litigation.  However, the undisputed evidence reveals that Fromkin had no interest in the Ship Litigation, and that he did not assist or facilitate Ship in any manner whatsoever.  Plaintiffs have produced no evidence to support their contentions in this case other than mere speculation and conjecture.  Plaintiffs knew this when they chose to file their Complaint, and even in the face of clear and undisputed evidence that they had no cause of action against Fromkin, Plaintiffs continued to pursue the litigation and forced Fromkin to expend costs and attorneys' fees.

There is no question that this litigation is entirely frivolous, and was clearly instituted for the sole purpose of harassing Fromkin.  On September 28, 2012, a letter complying with Federal

Rules of Civil Procedure 11 was forwarded to Plaintiffs' counsel. Plaintiffs did not discontinue the instant litigation. This motion was served upon Plaintiffs at least 21 days prior to its filing, thereby complying with the "safe harbor" provision of Federal Rules of Civil Procedure 11(c). As a result, Fromkin submits that he is entitled to an award of costs and attorneys' fees.

## ARGUMENT

### A. Rule 11 Standard

Rule 11 of the Federal Rules of Civil Procedure ("Rule 11") allows a court to impose sanctions on a party who has presented a pleading, motion or other paper to the court without evidentiary support or for "any improper purpose." *See Fed. R. Civ. P.* 11(b). When evaluating whether a Rule 11 violation has occurred, "the district court applies an objective standard of reasonableness, examining whether, under the circumstances of a given case, the signer has conducted a 'reasonable inquiry' into the basis of a filing." *MacDraw, Inc. v. CIT Group Equip. Fin., Inc.*, 73 F.3d 1253, 1257 (2d Cir. 1996). A complaint "must always be based on more than pure speculation and fantasy" and thus "courts cannot tolerate complaints grounded solely on metaphysical inferences nor those filed without an informed basis for the allegations." *Murphy v. Cuomo*, 913 F. Supp. 671, 683 (N.D.N.Y. 1996) (imposing Rule 11 sanctions where plaintiff had no basis for his factual allegation both at the filing of his complaint and after discovery) (internal citations omitted).[1] With regard to factual contentions, sanctions are appropriate when a particular allegation is utterly lacking in evidentiary support. *O'Brien v. Alexander*, 101 F.3d 1479, 1489 (2d Cir. 1996); *see also Skidmore Energy, Inc. v. KPMG*, 455 F.3d 564, 568 (5th Cir. 2006) (affirming district court's imposition of sanctions where plaintiff failed "to articulate any evidentiary support").

---

[1] The purpose of Rule 11 is to streamline litigation in the federal courts by curbing the use of frivolous and abusive trial tactics. *See McMahon v. Shearson/American Express, Inc.*, 896 F.2d 17, 21-22 (2d Cir. 1990).

The purpose of Rule 11 sanctions is to "reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers." *Massengale v. Ray*, 267 F.3d 1298, 1302 (11th Cir. 2001); *see also Sussman v. Salem, Saxon & Neilsen, P.A.*, 150 F.R.D. 209, 213 (M.D. Fla. 1993) ("[T]his Court recognizes Rule 11's objectives, which include: (1) deterring future litigation abuse, (2) punishing present litigation abuse, (3) compensating victims of litigation abuse, and (4) streamlining court dockets and facilitating case management."). Rule 11 "establishes an objective standard, intended to eliminate any 'empty-head pure-heart' justification" for frivolous arguments. *Margo v. Weiss*, 213 F.3d 55, 64 (2d Cir. 2000) (frivolous legal arguments need not be intended as such). "Subjective good faith…provides [no] safe harbor." *Eastway Construction Corp. v. City of New York*, 762 F.2d 243, 253 (2d Cir. 1985). Rule 11 is designed to ensure that allegations in a complaint are supported by sufficient factual predicate at the time the claims are asserted; thus, it is no answer to a motion for Rule 11 sanctions for Plaintiffs to suggest that they needed discovery to ascertain whether the claim they asserted was well-founded. *Yonkers v. Otis Elevator Co.*, 106 F.R.D. 524, 535 (S.D.N.Y. 1985).

**B.  Plaintiffs' Frivolous Claims**

As set forth in Fromkin's motion for summary judgment which, as set forth above, is being simultaneously filed, Fromkin loaned $197,000.00 to Kevin Cain ("Cain") and Steven Ship ("Ship") to provide cash flow in connection with their involvement in a music company known as King Biscuit Entertainment Group ("King Biscuit"). Fromkin subsequently accepted $75,000.00 in settlement of the outstanding debt owed to him. Fromkin executed a First Release on September 25, 2005, and a Second Release on October 25, 2005. The Second Release executed by Fromkin in favor of King Biscuit contains the following provision:

> Fromkin hereby covenants and agrees that he will not in the future
> commence any legal proceedings against the King Biscuit Parties (or any

other parties) in respect of any of the claims being release hereby; *nor shall he assist or facilitate any third-party* in asserting any claims, of any nature, against the King Biscuit Parties.

(emphasis added).  While Plaintiffs claim that Fromkin breached this provision of the Second Release, they have absolutely no evidence to assert this claim.  Instead, Plaintiffs speculated that Fromkin breached the provision because Ship: (i) through his attorney, desired to insert a provision in the settlement agreement that would permit Ship to discuss and convey the terms of the settlement agreement to certain persons, including Fromkin; and (ii) that Ship refused to sign an affidavit in connection with the Ship Settlement, that Fromkin did not have a financial interest in the Ship Litigation, and that Fromkin did not assist or facilitate Ship or his attorney in the Ship Litigation by providing counsel, advice, input, financial support or otherwise.

Plaintiffs' claims were not based upon any actual evidence that Fromkin assisted or facilitated Ship, but rather speculation merely because Ship wanted to be able to discuss his settlement with Fromkin, and that Ship would not sign an affidavit that he had absolutely no obligation to execute.  There was no evidence, not even circumstantial evidence, that Fromkin assisted Ship in his litigation, facilitated him, or had a financial interest in Ship's claims against King Biscuit.  Yet, Plaintiffs continued to force Fromkin to incur costs and attorneys' fees throughout discovery and two depositions (Fromkin and Ship) which confirmed that Plaintiffs' claims were meritless as a matter of law.  Even after those depositions, Plaintiffs still refused to discontinue this litigation.

Aside from being unable to manufacture any evidence that Fromkin breached the covenant contained in the Second Release, it should also be noted that Ship was either a former shareholder, officer, or employee of King Biscuit.  The Second Release was given in favor of "King Biscuit Entertainment Group, Inc., King Biscuit Flower Hour Records, Inc., King Biscuit

4

Music, Inc., KB Radio Corp., Win Media LLC and Oxygen Records, Inc., **and their respective former and present shareholders, members, officers** (including, without limitation, Kevin Cain and George Alexandrou), directors, agents, representatives, predecessors, successors, assigns, parent companies, affiliates, **employees** and attorneys" (emphasis added). The covenant in the Second Release provided that Fromkin could not assist or facilitate any "third party." Thus, as a party to the Release, Ship could not be a "third party" that Fromkin could "assist or facilitate."

Further highlighting the fact that Plaintiffs' action was frivolous and instituted solely for the purpose of harassing Fromkin and causing him to incur fees, Plaintiffs have not identified how they have been damaged. Vague and conclusory allegations of damages are insufficient to support a claim for breach of contract. *Smith v. Chase Manhattan Bank, USA, N.A.*, 293 A.D.2d 598, 600 (2d Dep't 2002). A claim for breach of contract must rest on more than a conclusory allegation that the defendant's breach caused damages, even where the exact amount of damages is alleged. Failing to do so, Plaintiffs cannot sustain a claim for breach of contract. *Bravo v. MERSCORP, Inc.*, 2013 WL 1652325, at *6 (E.D.N.Y. April 6, 2013).

Here, Plaintiffs allege that they were damaged in the amount of $400,000.00, and quantified these damages as consisting of: (i) additional costs associated with the Ship Litigation, (ii) the cost of this litigation, and (iii) increased settlement costs of the Ship Litigation. These allegations are pure speculation and without any support whatsoever in the record. Even assuming, *arguendo*, that Fromkin did "assist or facilitate" Ship, Plaintiffs cannot establish any connection between Fromkin's alleged actions and Ship's success in the Ship Litigation. Plaintiffs have made no showing that there were any additional costs associated with the Ship Litigation, nor is there a shred of evidence that Ship could not have been successful on

his own.  In fact, Plaintiffs have identified no evidence that they were damaged at all.

### C. __Sanctions__

Samuel Fromkin loaned money to Ship and to Cain out of the goodness of his heart, to help the business get off the ground.  He did not know much about the business, and provided the loan not as an investment, but because his son-in-law asked him to.  When it came time to repay him, King Biscuit could not do so, and Fromkin accepted a significantly reduced figure to resolve the outstanding debt to him.

Cain and Alexandrou apparently took the approximately $122,000.00 that Fromkin gifted to them, and hired an attorney to institute a spiteful litigation against Fromkin, merely because Steve Ship commenced a successful litigation against King Biscuit arising out of a King Biscuit ownership dispute that had absolutely nothing to do with Fromkin.  Cain and Alexandrou forced Fromkin to retain an attorney to defend himself out of his own pocket, as if providing a $122,000.00 windfall to Cain and Alexandrou on undisputed money owed to Fromkin was not enough.

Cain and Alexandrou based this lawsuit not on actual or even circumstantial evidence, but merely because Ship refused to sign an affidavit that he did not have to sign, and because Ship wanted to be able to tell Fromkin that he (Ship) did not make any money on his settlement with King Biscuit.  There is no evidence whatsoever that Fromkin assisted or facilitated Ship, provided financial assistance to Ship, or did anything in any way to help Ship.  And even when Fromkin testified as such, this was not good enough for Cain and Alexandrou; they wanted to depose Ship.  Yet, when Ship testified that he received no such assistance or guidance from Fromkin, Plaintiffs still refused to discontinue this litigation.

A letter complying with Rule 11 was forwarded to Plaintiffs' counsel on September 28,

2012.  (Stockwell Decl., Exhibit "2".)  In that letter, Plaintiffs were advised that there was no evidence whatsoever to support their speculative assertions that Fromkin assisted or facilitated Ship in his litigation with Plaintiffs.  Plaintiffs were also informed that Ship was willing to sign an Affidavit to that effect.  *Id*.

Not only is Fromkin entitled to a dismissal of the Plaintiffs' Complaint with prejudice, Fromkin should be repaid for every penny he spent out of his own pocket defending himself in this litigation.  Fromkin's counsel made valiant efforts to reduce and control the costs of litigation to Fromkin, and these costs (which are far below the $122,000.00 that Fromkin previously gifted to Cain and Alexandrou) should be paid back to Fromkin to make him whole. Although this Court cannot fully compensate Fromkin to allow him to recover the original value of his loans to King Biscuit, it can place him in the position he was after the loans were settled, and before Plaintiffs decided to sue Fromkin years later.   Therefore, it is respectfully requested that the Court issue an order that Fromkin is entitled to an award of costs and attorneys' fees, the specific figure to be determined upon submission of an Affidavit identifying the expenses incurred in this litigation.

## <u>CONCLUSION</u>

Based upon the foregoing reasons, Samuel Fromkin respectfully requests that the Court grant his motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure, and award him the costs and attorneys' fees he incurred in defending this suit.

Dated:  September 12, 2013

PILLSBURY WINTHROP SHAW PITTMAN LLP
Attorneys for Defendant
Samuel Fromkin


By:_____/s/ Matthew D. Stockwell_____
          Matthew D. Stockwell (MS-1804)
          1540 Broadway
          New York, New York 10036
          (212) 858-1000
          matthew.stockwell@pillsburylaw.com